1  WILLIAM B. DANIELS (SBN40749)
   HEISLER, STEWART & DANIELS
2  563 Figueroa Street
   Monterey, CA 93940
3  Telephone:  (831) 372-3361
   Facsimile:   (831) 646-9581
4  danstwo@sbcglobal.net

5  NEIL L. SHAPIRO (SBN 051547)
   LAW OFFICES OF NEIL L. SHAPIRO
6  2100 Garden Road, Suite C
   Monterey, California  93940
7  Telephone:   (831) 372-3700
   Facsimile:    (831) 372-3701
8  nshapiro@nshapiro.com

9  Attorneys for Defendants
   RAMIREZ PLUMBING INC., and
10 JAVIER FIGUEROA RAMIREZ

11                 UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

14 IGNACIO MONTOYA-CABALLERO,           Case No.  C 08-00267 JF
   DONACIANO MONTOYA-CABALLERO,
15 ALEJANDRO HERNANDEZ-GONZALEZ,        ANSWER TO COMPLAINT;
   RAMIRO HERNANDEZ-PARRA,              DEMAND FOR JURY TRIAL
16 MARCELINO HERNANDEZ, and MAURA
   HERNANDEZ-PEREZ,
17
                Plaintiffs,
18
   vs.
19
   RAMIREZ PLUMBING INC. and JAVIER
20 FIGUEROA RAMIREZ,

21              Defendants.

22

23        Defendants Ramirez Plumbing Inc. and Javier Figueroa Ramirez (collectively

24 "Defendants") respond as follows to the Complaint ("Complaint") filed herein by Plaintiffs Ignacio

25 Montoya-Caballero, Donaciano Montoya-Caballero, Alejandro Hernandez-Gonzalez, Ramiro

26 Hernandez-Parra, Marcelino Hernandez, and Maura Hernandez-Perez (collectively "Plaintiffs"):

27

28
                       ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL
                       Case No.  C 08-00267 JF

**NATURE OF CLAIM**

1.      Defendants admit that Plaintiffs in this action seek recovery of alleged unpaid wages, interest, penalties, damages, and attorney's fees and costs arising from an alleged failure by Defendants to pay all wages owed for labor performed, but deny that Defendants failed to pay any wages owed to Plaintiffs, or any of them, deny that they, or either of them, are liable to Plaintiffs, or any of them, for unpaid wages, interest, penalties, damages, or any other relief, and deny each and every remaining allegation contained in paragraph 1 thereof.

2.      Defendants admit that Plaintiffs' claims can be summarized in the fashion set forth in paragraph 2 thereof, and that some of the Plaintiffs performed labor as plumbers on a construction project known as the "Design Center" in Sand City, California ("Design Center"). Except as so expressly admitted, Defendants deny each and every allegation contained in paragraph 2 thereof.

**SUBJECT MATTER JURISDICTION AND VENUE**

3.      Defendants admit that this Court is a proper venue for the claims made by Plaintiffs.  Except as so expressly admitted, Defendants deny each and every allegation contained in paragraph 3 thereof.

4.      Defendants admit that this Court has subject matter jurisdiction of the claim based on 29 U.S.C. §§ 201 *et seq.*, and has subject matter jurisdiction of the remaining claims under its pendent jurisdiction.  Except as so expressly admitted, Defendants deny each and every allegation contained in paragraph 4 thereof.

**PARTIES**

5.      Defendants admit that plaintiffs are individuals, were at all relevant times over the age of eighteen, and at one or more points within the relevant time frame were employed.  Except as so expressly admitted, Defendants deny each and every allegation contained in paragraph 5 thereof.

6.      Defendants admit that Ramirez Plumbing Inc. ("RPI") is engaged in the business of plumbing construction, maintenance and repair in Northern California, and specifically in Monterey, San Benito and Santa Cruz Counties, that Javier Ramirez ("Ramirez") is employed by and

2

is the Responsible Managing Officer ("RMO") of RPI, that prior to August 24, 2004, Ramirez operated as a sole proprietor under a license issued to him by the Contractor State Licensing Board ("CSLB"), that on August 26, 2004, RPI was incorporated, and that on a date after August 24, 2004, a license was issued to RPI by the CSLB, with Ramirez as the RMO of RPI.  Except as so expressly admitted, Defendants deny each and every allegation contained in paragraph 6 thereof.

7.    Defendants admit that RPI contracted to perform plumbing work in the construction of the Design Center.  Except as so expressly admitted, Defendants deny each and every allegation contained in paragraph 7 thereof.

8.    Defendants admit that RPI employed Plaintiffs to perform construction work at the Design Center or at other locations.  Except as so expressly admitted, Defendants deny each and every allegation contained in paragraph 8 thereof.

9.    Defendants deny each and every allegation contained in paragraph 9 thereof.

10.    Defendants admit that Plaintiffs collectively refer to them as "JOINT EMPLOYER DEFENDANTS" and that Plaintiffs seek to impose joint and several liability. Defendants deny that that they jointly employed any of the Plaintiffs, or that either of them is liable to any of the Plaintiffs.  Except as so expressly admitted, Defendants deny each and every allegation contained in paragraph 10 thereof.

11.    Defendants admit that at all relevant times Defendant Javier Figueroa Ramirez owned stock in RPI and was its chief executive officer.  Except as so expressly admitted, Defendants deny each and every allegation contained in paragraph 11 thereof.

12.    Defendants deny each and every allegation contained in paragraph 12 thereof.

13.    Defendants admit that California Labor Code § 1722.1 is quoted correctly in paragraph 13 of the Complaint.  Except as so expressly admitted, Defendants deny each and every allegation contained in paragraph 13 thereof.

**GENERAL ALLEGATIONS**

14.    Defendants admit that RPI employed Plaintiffs to perform construction work at the Design Center or at other locations.  Except as so expressly admitted, Defendants deny each and

3

1    every allegation contained in paragraph 14 thereof.

2        15.    Defendants deny each and every allegation contained in paragraph 15 thereof.

3        16.    Defendants deny each and every allegation contained in paragraph 16 thereof.

4        17.    Defendants deny each and every allegation contained in paragraph 17 thereof.

5        18.    Defendants deny each and every allegation contained in paragraph 18 thereof.

6        19.    Defendants deny each and every allegation contained in paragraph 19 thereof.

7    **COUNT ONE**

8        20.    Defendants incorporate herein by reference as though set forth in full each and

9    every admission, denial and allegation set forth in paragraphs 1-19, inclusive, above.

10        21.    Defendants deny each and every allegation contained in paragraph 21 thereof.

11        22.    Defendants deny each and every allegation contained in paragraph 22 thereof.

12        23.    Defendants deny each and every allegation contained in paragraph 23 thereof.

13        24.    Defendants deny each and every allegation contained in paragraph 24 thereof.

14        25.    Defendants deny each and every allegation contained in paragraph 25 thereof.

15        26.    Defendants deny each and every allegation contained in paragraph 26 thereof.

16        27.    Defendants deny each and every allegation contained in paragraph 27 thereof.

17        28.    Defendants deny each and every allegation contained in paragraph 28 thereof.

18    **COUNT TWO**

19        29.    Defendants incorporate herein by reference as though set forth in full each and

20    every admission, denial and allegation set forth in paragraphs 1-28, inclusive, above.

21        30.    Defendants admit that at various times Plaintiffs were employed to perform

22    construction work at the Design Center or at other locations, and that prevailing wage rates are set by

23    the Department of Industrial Relations for application to certain public works projects.  Except as so

24    expressly admitted, Defendants deny each and every allegation contained in paragraph 30 thereof.

25        31.    Defendants deny each and every allegation contained in paragraph 31 thereof.

26        32.    Defendants admit that RPI was at relevant times subject to the provisions of

27    Labor Code § 510 and therefore had a duty to pay employees one and one-half times their normal

28    4

hourly rate of pay for any hours worked in excess of eight hours per day or in excess of 40 hours per week.  Except as so expressly admitted, Defendants deny each and every allegation contained in paragraph 32 thereof.

33.    Defendants deny each and every allegation contained in paragraph 33 thereof.

34.    Defendants admit that Plaintiffs make the contentions set forth in paragraph 34 of the Complaint.  Except as so expressly admitted, Defendants deny each and every allegation contained in paragraph 34 thereof.

35.    Defendants deny each and every allegation contained in paragraph 35 thereof.

36.    Defendants deny each and every allegation contained in paragraph 36 thereof.

**COUNT THREE**

37.    Defendants incorporate herein by reference as though set forth in full each and every admission, denial and allegation set forth in paragraphs 1-36, inclusive, above.

38.    Defendants admit that at the time they performed work at the Design Center, there was in existence a Robinette Site Disposition and Development Agreement, and that paragraph 7.7 of that agreement provided that "Design Center shall cause all persons working on the construction of the Development to be paid prevailing wages for their work."  Except as so expressly admitted, Defendants deny each and every allegation contained in paragraph 38 thereof.

39.    Defendants deny each and every allegation contained in paragraph 39 thereof.

40.    Defendants deny that there were any conditions required to be performed by plaintiffs under the terms of the Robinette Site Disposition and Development Agreement, and accordingly deny each and every allegation contained in paragraph 40 thereof.

41.    Defendants lack sufficient information or belief to either admit or deny the allegations contained in paragraph 41 of the Complaint, and on that basis deny each and every such allegation.

42.    Defendants deny each and every allegation contained in paragraph 42 thereof.

43.    Defendants deny each and every allegation contained in paragraph 43 thereof.

44.    Defendants deny each and every allegation contained in paragraph 44 thereof.

5

45.     Defendants deny each and every allegation contained in paragraph 45 thereof.

46.     Defendants deny each and every allegation contained in paragraph 46 thereof.

47.     Defendants deny that plaintiffs are parties to or beneficiaries of any identified contract, and deny each and every allegation contained in paragraph 47 thereof.

**COUNT FOUR**

48.     Defendants incorporate herein by reference as though set forth in full each and every admission, denial and allegation set forth in paragraphs 1-47, inclusive, above.

49.      Defendants admit that RPI was at relevant times subject to the provisions of Labor Code § 226.7 and therefore had a duty not to require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.  Except as so expressly admitted, Defendants deny each and every allegation contained in paragraph 49 thereof.

50.     Defendants deny each and every allegation contained in paragraph 50 thereof.

51.     Defendants deny each and every allegation contained in paragraph 51 thereof.

52.     Defendants deny each and every allegation contained in paragraph 52 thereof.

53.     Defendants deny each and every allegation contained in paragraph 53 thereof.

**COUNT FIVE**

54.     Defendants incorporate herein by reference as though set forth in full each and every admission, denial and allegation set forth in paragraphs 1-53, inclusive, above.

55.     Defendants admit that RPI was at relevant times subject to the provisions of Labor Code § 226 which required it to provide each employee with written periodic wage payments accompanied by, among other information, the period for which the payment was made, the gross and net wages paid, all deductions from those wages, and the name and address of RPI.  Except as so expressly admitted, Defendants deny each and every allegation contained in paragraph 55 thereof.

56.     Defendants deny each and every allegation contained in paragraph 56 thereof.

57.     Defendants deny each and every allegation contained in paragraph 57 thereof.

58.     Defendants deny each and every allegation contained in paragraph 58 thereof.

6

**COUNT SIX**

59.    Defendants incorporate herein by reference as though set forth in full each and every admission, denial and allegation set forth in paragraphs 1-58, inclusive, above.

60.    Defendants deny each and every allegation contained in paragraph 60 thereof.

61.    Defendants deny each and every allegation contained in paragraph 61 thereof.

62.    Defendants deny each and every allegation contained in paragraph 62 thereof.

**COUNT SEVEN**

63.    Defendants incorporate herein by reference as though set forth in full each and every admission, denial and allegation set forth in paragraphs 1-62, inclusive, above.

64.    Defendants admit that RPI was at relevant times subject to the provisions of Labor Code § 510 and therefore had a duty to pay employees one and one-half times their normal hourly rate of pay for any hours worked in excess of eight hours per day or in excess of 40 hours per week.  Except as so expressly admitted, Defendants deny each and every allegation contained in paragraph 64 thereof.

65.    Defendants deny each and every allegation contained in paragraph 65 thereof.

66.    Defendants deny each and every allegation contained in paragraph 66 thereof.

67.    Defendants deny each and every allegation contained in paragraph 67 thereof.

68.    Defendants deny each and every allegation contained in paragraph 68 thereof.

69.    Defendants deny each and every allegation contained in paragraph 69 thereof.

70.    Defendants deny each and every allegation contained in paragraph 70 thereof.

**AFFIRMATIVE DEFENSES**

71    FURTHER ANSWERING THE COMPLAINT OF PLAINTIFFS, AND AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE THERETO, Defendants allege that Count One of the Complaint fails to state a claim upon which relief may be granted.

72.    FURTHER ANSWERING THE COMPLAINT OF PLAINTIFFS, AND AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE THERETO, Defendants allege that Count Two of the Complaint fails to state a claim upon which relief may be granted.

7

73. FURTHER ANSWERING THE COMPLAINT OF PLAINTIFFS, AND AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE THERETO, Defendants allege that Count three of the Complaint fails to state a claim upon which relief may be granted.

74. FURTHER ANSWERING THE COMPLAINT OF PLAINTIFFS, AND AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE THERETO, Defendants allege that Count Four of the Complaint fails to state a claim upon which relief may be granted.

75. FURTHER ANSWERING THE COMPLAINT OF PLAINTIFFS, AND AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE THERETO, Defendants allege that Count Five of the Complaint fails to state a claim upon which relief may be granted.

76. FURTHER ANSWERING THE COMPLAINT OF PLAINTIFFS, AND AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE THERETO, Defendants allege that Count Six of the Complaint fails to state a claim upon which relief may be granted.

77. FURTHER ANSWERING THE COMPLAINT OF PLAINTIFFS, AND AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE THERETO, Defendants allege that Count Seven of the Complaint fails to state a claim upon which relief may be granted.

78. FURTHER ANSWERING THE COMPLAINT OF PLAINTIFFS, AND AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE THERETO, Defendants allege that Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

79. FURTHER ANSWERING THE COMPLAINT OF PLAINTIFFS, AND AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE THERETO, Defendants allege that one or more of Plaintiffs' claims are barred by the applicable statute of limitations.

80. FURTHER ANSWERING THE COMPLAINT OF PLAINTIFFS, AND AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE THERETO, Defendants allege that one or more of Plaintiffs' claims are barred by the doctrine of laches.

81. FURTHER ANSWERING THE COMPLAINT OF PLAINTIFFS, AND AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE THERETO, Defendants allege that one or more of Plaintiffs' claims are barred by accord and satisfaction.

8

1    82.    FURTHER ANSWERING THE COMPLAINT OF PLAINTIFFS, AND AS A

2   TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE THERETO, Defendants allege that one

3   or more Plaintiffs are indebted to RPI in amounts subject to proof, and that such indebtedness

4   constitutes a set-off to any liability of defendant RPI to any such plaintiff, which liability is expressly

5   denied.

6         WHEREFORE, defendants RPI and Ramirez pray for judgment against Plaintiffs, and

7   each of them, as follows:

8         1.    That Plaintiffs' Complaint be dismissed, and that Plaintiffs take nothing

9   thereby;

10        2.    For costs of suit, including reasonable attorney's fees; and

11        3.    For such other and further relief as this Court deems just and proper.

12  Dated:  March 3, 2008                WILLIAM B. DANIELS
                                         HEISLER, STEWART & DANIELS
13                                          and
                                         NEIL L. SHAPIRO
14                                       LAW OFFICES OF NEIL L. SHAPIRO

15

16                                       By_____/s/_____
                                            Attorneys for Defendants
17                                          RAMIREZ PLUMBING INC., and
                                            JAVIER FIGUEROA RAMIREZ
18
                                  **DEMAND FOR JURY TRIAL**
19
20        Defendants Ramirez Plumbing Inc. and Javier Figueroa Ramirez hereby demand a jury

21  trial of this action.

22  Dated:  March 3, 2008                WILLIAM B. DANIELS
                                         HEISLER, STEWART & DANIELS
23                                          and
                                         NEIL L. SHAPIRO
24                                       LAW OFFICES OF NEIL L. SHAPIRO

25

26                                       By_____/s/_____
                                            Attorneys for Defendants
27                                          RAMIREZ PLUMBING INC., and
                                            JAVIER FIGUEROA RAMIREZ

28                                          9