1  JAMES DAL BON, Bar No. 157942
   LAW OFFICES OF JAMES DAL BON
2  28 NORTH 1ST SUITE 210
   SAN JOSE, CA 95113
3  TEL (408)297-4729
   FAX (408)297-4728
4  jdblaw@earthlink.net

5  TOMAS E. MARGAIN, Bar No. 193555
   LAW OFFICES OF TOMAS E. MARGAIN
6  1550 Bryant Street, Suite 725
   San Francisco, CA  94103
7  Telephone:    415-861-9600
   Fax:          415-861-9622
8  margainlaw@hotmail.com

9  Attorneys for Plaintiffs

10 WILLIAM B. DANIELS (SBN 040749)
   HEISLER, STEWART & DANIELS
11 563 Figueroa Street
   Monterey, CA 93940
12 Telephone: (831) 372-3361
   Facsimile: (831) 646-9581
13 danstwo@sbcglobal.net

14

15 NEIL L. SHAPIRO (SBN 051547)
   LAW OFFICES OF NEIL L. SHAPIRO
16 2100 Garden Road, Suite C
   Monterey, California 93940
17 Telephone: (831) 372-3700
   Facsimile: (831) 372-3701
18 nshapiro@nshapiro.com

19 Attorneys for Defendants
   RAMIREZ PLUMBING INC., and
20 JAVIER FIGUEROA RAMIREZ

21            UNITED STATES DISTRICT COURT

22        FOR NORTHERN DISTRICT OF CALIFORNIA

23 | IGNACIO MONTOYA-CABALLERO; | Case No.: **C 08-00267 JF** |
   |---|---|
24 | DONACIANO MONTOYA-CABALLERO;<br>ALEJANDRO HERNANDEZ-GONZALEZ; | JOINT CASE MANAGEMENT STATEMENT |
25 | RAMIRO HERNANDEZ-PARRA;<br>MARCELINO HERNANDEZ; and MAURA<br>HERNANDEZ-PEREZ | |

Plaintiffs,

vs.

RAMIREZ PLUMBING INC. and JAVIER
FIGUEROA RAMIREZ
          Defendants.

In accordance with the Standing Order for All Judges of the Northern District of California, the parties in this matter hereby submit this Joint Case Management Conference Statement.

### 1.  **Jurisdiction and Service**

The basis for the Court's subject matter jurisdiction over the claims of Plaintiffs IGNACIO MONTOYA-CABALLERO; DONACIANO MONTOYA-CABALLERO; ALEJANDRO HERNANDEZ-GONZALEZ; RAMIRO HERNANDEZ-PARRA; MARCELINO HERNANDEZ; and MAURA HERNANDEZ-PEREZ (hereinafter "Plaintiffs") is the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* as alleged in the Complaint.  There are no existing issues regarding personal jurisdiction or venue.  There are no parties that remain to be served.

### 2.  **Facts**

Plaintiffs allege that they were employed by defendant RAMIREZ PLUMBING INC. as on site construction workers and service technicians in the plumbing trade.  Defendant JAVIER FIGUEROA RAMIREZ is the Responsible Managing Officer of Ramirez Plumbing for the California Contractor's Licensing Board and an Officer of the corporation.  Plaintiffs allege that he is also the individual who set wages, hired, and selected the system for paying overtime hours. In this action, Plaintiffs seek compensation for overtime and other wage and hour claims against Defendants under Federal and California law.

The principal issues in dispute regarding Plaintiffs' claims are:

1.      An accounting of the wages, including overtime wages, paid to plaintiffs. Plaintiffs allege that Defendants kept track of overtime hours and paid them without payroll deductions at a non-overtime rate;

2.      The factual adjudication and accounting of alleged "off the clock" preliminary and postliminary compensable labor. Plaintiffs allege that they routinely worked at Defendants' shop, and transported themselves, tools and materials and were not paid until they showed up to the job site and set up to begin a work day. Plaintiffs also allege that they performed postliminary work "off the clock," including light clean up and transporting vehicles, tools and excess materials back to the shop. Defendants deny that they required or permitted any such "off the clock" work, either before or after assigned shifts;

3.      A factual and legal adjudication as to whether one project – called the Sand City Design Center – was a Public Works Project within the meaning of California Labor Code §§ 1771 and 1774 and therefore required the payment of State Prevailing Wages.

### 3.  <u>Legal Issues</u>

Plaintiffs assert the following:

1.      That Defendants failed to pay overtime pay in violation of California Labor Code §§ 501 and 1194 as well as in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* This also includes "off the clock" wages for preliminary and postliminary work which increase the number of hours worked, compensable wages, and overtime amounts.;

2.      That Defendants failed to pay Plaintiffs their wages upon termination in violation of California Labor Code § 201 which subjects them to waiting time penalties under Labor Code § 203.

3.      That Defendants must pay liquidated damages to Plaintiffs under the FLSA;

4.      That Plaintiffs may seek State Prevailing Wages for the Sand City Design Center Work as third party beneficiaries to a contract that called for Prevailing Wages or by operation of

1  law, California Labor Code §§ 1771, *et seq.*

2  Defendants assert the following:

3      1.    That Plaintiffs were employed only by Ramirez Plumbing Inc. and were never

4  employed by Javier Figueroa Ramirez;

5      2.    That Ramirez Plumbing Inc. paid all overtime pay owed to Plaintiffs and did not

6  violate California Labor Code §§ 501 and 1194 or the Fair Labor Standards Act, 29 U.S.C. §§

7  201 *et seq.*;

8      3.    That they neither required nor permitted any "off the clock" work, either before or

9  after assigned shifts;

10      4.    That Ramirez Plumbing Inc. did not fail to pay Plaintiffs their wages upon

11  termination, did not violate California Labor Code § 201, and are not subject to waiting time

12  penalties under Labor Code § 203;

13      5.    That they do not owe any liquidated damages to Plaintiffs, whether under the

14  FLSA or otherwise; and

15      6.    That Plaintiffs were not entitled to receive State Prevailing Wages in accordance

16  with the provisions of California Labor Code §§ 1771, *et seq.*

17  **4.  Motions**

18  The parties anticipate the filing of the following motions:

19      (a)    Plaintiffs' Summary Judgment Motion on their accounting after conducting

20  factual investigation;

21      (d)    Defendant Javier Figueroa Ramirez's Motion for Summary Judgment that he was

22  not the employer of Plaintiffs, and Defendant Ramirez Plumbing, Inc.'s Motion for Summary

23  Judgment that (1) The Sand City Design Center was not a Public Works Project and therefore

24  Plaintiffs were not entitled to State Prevailing Wage levels, and (2) that Plaintiffs were paid all

25  overtime wages to which they were entitled.

**5.   Amendment of Pleadings**

No amendments are anticipated at this time.

**6.   Evidence Preservation**

The parties have agreed that they will take reasonable steps to preserve all evidence, paper and electronic, and that they will make certain that no document-destruction program will be applied to any such evidence.

**7.   Disclosures**

The parties have agreed to serve their respective initial disclosures no later than May 20, 2008.

**8.   Discovery**

The parties agree to adhere to the following discovery and case management schedule:

(a)    Deadline to complete fact discovery:  September 30, 2008.

(b)    Deadline for expert disclosure statements under Fed. R. Civ. P. 26:  September 30, 2008.

(d)    Deadline to conduct expert discovery:  October 31, 2008.

(e)    Last day for dispositive motions to be filed:  November 28, 2008.

The parties wish to reserve the ability to seek an acceleration (or an extension) of the above-proposed schedule.

**9.    Related Cases**

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

**10.  Relief**

At this point, Plaintiffs do not have a sufficient record to estimate the damages.

**11.  Settlement and ADR**

1

2                                                      Attorney for Plaintiffs

3

4  Dated:                              By:

5                                                      Attorney for Defendants

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- 7 -                                    C08-00267 JF

JOINT CMC STATEMENT
Hernandez Parra vs Ramirez Plumbing

The parties are willing to participate in mediation through the auspices of the Court's ADR Unit.

### 12. Consent To Magistrate Judge For All Purposes

Plaintiffs are not willing to consent to have a Magistrate Judge to conduct all further proceedings in this matter.

### 13. Other References

The parties agree that this case is not suitable for reference to binding arbitration or to any other reference.

### 14. Narrowing Of Issues

Plaintiffs does not expect the parties to be able to narrow the issues.

### 15. Expedited Schedule

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

### 16. Trial

Plaintiffs have requested a jury trial, as have defendants. The expected length of trial is 5-7 court days.

### 17. Disclosure of Non-Party Interested Entities or Persons

Plaintiffs have no one to disclose other than parties themselves. Defendants likewise have no one to disclose other than the parties themselves

### 18. Other Matters

None.

Dated: 5/8/08                    By  s/jdb

C08-00267 JF

JOINT CMC STATEMENT
Hernandez Parra vs Ramirez Plumbing